■ LISA A. SMITH, Appellant, v ALBERTO BERRIOS et al., Respondents. [990 NYS2d 880]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (McCormack, J.), entered January 16, 2013, as granted the separate motions of the defendants Alberto Berrios and Angela Guevara, and the defendants W.T. Breidenbach and Joseph W. Breidenbach for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motions are denied.

The defendants, moving separately but relying on the same evidence and arguments, failed to meet their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in the bills of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Since the defendants did not sustain their prima facie burdens, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see id.*; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Therefore, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Skelos, J.P., Leventhal, Cohen, LaSalle and Barros, JJ., concur.